TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN







NO. 03-99-00349-CR







Daniel Masias, Appellant



v.



The State of Texas, Appellee







FROM THE DISTRICT COURT OF TRAVIS COUNTY, 299TH JUDICIAL DISTRICT


NO. 0985222, HONORABLE JON N. WISSER, JUDGE PRESIDING








 Appellant Daniel Masias appeals from his conviction for the offense of aggravated
assault on a peace officer with a deadly weapon. See Tex. Penal Code Ann. § 22.02(a)(2), (b)(2)
(West 1994). The trial court assessed appellant's punishment at imprisonment for twenty years. 
In his sole point of error, appellant asserts: "Appellant was deprived of a fair trial because
irrelevant and highly prejudicial evidence of an unadjudicated extraneous offense, with limited
probative value, was admitted and brought before the jury during the State's case-in-chief during
the guilt/innocence phase of the trial." We will affirm the judgment.

 On December 9, 1997, at about noon, two uniformed City of Austin police officers
on motorcycles were watching for vehicles with expired motor vehicle safety inspection stickers. 
Appellant, the driver and only occupant of a car with an expired sticker, passed the officers. 
Appellant waved at the officers, but he was nervous and feared they would arrest him because he
had violated a probation order. One of the officers, Salvatore Reale, followed appellant's car. 
Officer Reale turned on his blinker lights, "popped" his siren, and gestured for appellant to stop. 
However, appellant continued to drive and passed several places where he could have safely
stopped. Reale brought his motorcycle along side of appellant's car, made eye contact with
appellant, and again gestured for appellant to stop. Appellant suddenly swerved toward Reale,
forcing Reale across the center line into a lane for oncoming traffic. Reale and another witness
to appellant's maneuver testified that they thought appellant's acts were deliberate. Reale avoided
a collision and regained his position behind appellant's car. With Reale in pursuit, appellant
drove through a red light, made an unlawful turn, and nearly caused a collision. Reale followed
appellant's accelerating car attempting to read the car's license plate. Appellant suddenly braked
hard in the middle of the road. Reale swerved and lost control of his motorcycle, which went into
a skid. Reale was thrown from the motorcycle and received scrapes and bruises. Two witnesses
observed the incident. They testified that appellant's actions appeared to be intentional and that
there was no apparent reason for appellant to stop suddenly in the middle of the road. Appellant
fled from the scene, later abandoned the car, and disappeared.

 On January 27, 1998, City of Austin Police Officer Michael Cowden had
information that appellant was in a truck at a Sonic Drive-In. Cowden, who was in uniform, and
another office drew their pistols and arrested appellant on a felony warrant. Appellant was
handcuffed and placed in the back of a police car. While the officers were standing nearby, they
heard the sound of breaking glass and saw appellant attempting to crawl out of the car head first. 
The officers pulled appellant through the car window and placed him on the ground. To prevent
appellant's escape, the officers began putting footcuffs on appellant and connecting them with the
handcuffs. Although the officers ordered him not to do so, appellant kicked and struggled. 
Appellant kicked and knocked Cowden into the broken glass, cutting Cowden's hand.

 Appellant, testifying in his own defense, gave a more self-serving version of both
incidents. However, the jury's guilty verdict resolved any disputed evidentiary conflicts. 
Appellant testified that he was fleeing and did not intend to injure Reale. Appellant admitted his
former drug and alcohol abuse and his prior convictions for two felonies and three misdemeanor
thefts.

 Appellant contends that the trial court erred in admitting the evidence showing the
circumstances of his arrest. Appellant argues that evidence of this unadjudicated offense was
highly prejudicial and had only limited probative value. Therefore, appellant urges the rules of
evidence would not allow admission of such evidence. "Evidence of other crimes, wrongs or acts
is not admissible to prove the character of a person in order to show action in conformity
therewith. It may, however, be admissible for other purposes such as proof of . . . intent . . . ." 
Tex. R. Evid. 404(b). All relevant evidence is admissible except as otherwise provided by the
constitution, by statute, or by rules prescribed pursuant to statutory authority. See id. R. 402. 
Relevant evidence is evidence having a tendency to make the existence of any fact that is of
consequence to the determination of the action more or less probable than it would be without the
evidence. See id. R. 401. Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice. See id. R. 403.

 "Questions of relevance should be left largely to the trial court, relying on its own
observations and experience, and will not be reversed absent an abuse of discretion." Moreno v.
State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993); Corley v. State, 987 S.W.2d 615, 618 (Tex.
App.--Austin 1999, no pet.). "We review a trial court's analysis of the probative value of an
extraneous offense under an abuse of discretion standard." Id.; see Johnson v. State, 932 S.W.2d
296, 302 (Tex. App.--Austin 1996, pet. ref'd). Even if the appellate court would have reached
a different result, it should not intercede as long as the trial court's ruling was within the zone of
reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372, 380-81 (Tex. Crim. App.
1990); Corley, 987 S.W.2d at 618.

 Out of the presence of the jury, Officer Cowden testified concerning the
circumstances of appellant's arrest. The trial court ruled that the evidence was "admissible under
404(b) limited strictly to the issue of the defendant's intent in this case. . . . It appears to me it
would be admissible on the issue of intent in that its relevant value would outweigh any unfair
prejudicial value . . . I think that there are sufficient similarities between the two [offenses] that
the juror's would utilize that on the issue of intent, especially insofar as the defense has raised that
issue in this case. . . . There is some prejudicial value here, but I don't think the Court could say
that the probative value is substantially outweighed by unfair prejudicial value." The trial court
in jury instructions limited the jury's consideration of this evidence to the issue of intent.

 The record shows that the trial court considered and applied the appropriate rules
of evidence. The trial court found that the evidence of appellant's arrest was relevant to the issue
of appellant's intent and that the probative value of the evidence was not substantially outweighed
by the danger of unfair prejudice. The record supports the trial court's ruling admitting the
testimony of the circumstances of appellant's arrest. We hold that the trial court did not abuse
its discretion in admitting the testimony about which appellant complains. Appellant's point of
error is overruled.

 The judgment is affirmed.



 
 

 Carl E. F. Dally, Justice

Before Chief Justice Aboussie, Justices Jones and Dally*

Affirmed

Filed: May 31, 2000

Do Not Publish














* Before Carl E. F. Dally, Judge (retired), Court of Criminal Appeals, sitting by assignment. 
See Tex. Gov't Code Ann. § 74.003(b) (West 1998).



of other crimes, wrongs or acts
is not admissible to prove the character of a person in order to show action in conformity
therewith. It may, however, be admissible for other purposes such as proof of . . . intent . . . ." 
Tex. R. Evid. 404(b). All relevant evidence is admissible except as otherwise provided by the
constitution, by statute, or by rules prescribed pursuant to statutory authority. See id. R. 402. 
Relevant evidence is evidence having a tendency to make the existence of any fact that is of
consequence to the determination of the action more or less probable than it would be without the
evidence. See id. R. 401. Although relevant, evidence may be excluded if its probative value is
substantially outweighed by the danger of unfair prejudice. See id. R. 403.

 "Questions of relevance should be left largely to the trial court, relying on its own
observations and experience, and will not be reversed absent an abuse of discretion." Moreno v.
State, 858 S.W.2d 453, 463 (Tex. Crim. App. 1993); Corley v. State, 987 S.W.2d 615, 618 (Tex.
App.--Austin 1999, no pet.). "We review a trial court's analysis of the probative value of an
extraneous offense under an abuse of discretion standard." Id.; see Johnson v. State, 932 S.W.2d
296, 302 (Tex. App.--Austin 1996, pet. ref'd). Even if the appellate court would have reached
a different result, it should not intercede as long as the trial court's ruling was within the zone of
reasonable disagreement. See Montgomery v. State, 810 S.W.2d 372, 380-81 (Tex. Crim. App.
1990); Corley, 987 S.W.2d at 618.

 Out of the presence of the jury, Officer Cowden testified concerning the
circumstances of appellant's arrest. The trial court ruled that the evidence was "admissible under
404(b) limited strictly to the issue of the defendant's intent in this case. . . . It appears to me it
would be admissible on the issue of intent in that its relevant value would outweigh any unfair
prejudicial value . . . I think that there are sufficient similarities between the two [offenses] that
the juror's would utilize that on the issue of intent, especially insofar as the defense has raised that
issue in this case. . . . There is some prejudicial value here, but I don't think the Court could say
that the probative value is substantially outweighed by unfair prejudicial value." The trial court
in jury instructions limited the jury's consideration of this evidence to the issue of intent.

 The record shows that the trial court considered and applied the appropriate rules
of evidence. The trial court found that the evidence of appellant's arrest was relevant to the issue
of appellant's intent and that the probative value of the evidence was not substantially outweighed
by the danger of unfair prejudice. The record supports the trial court's ruling admitting the
testimony of the circumstances of appellant's arrest. We hold that the trial court did not abuse
its discretion in admitting the testimony about which appellant complains. Appellant's point of
error is overruled.

 The judgment is affirmed.